## Hart v. Morgan.

1. *Jury—Findings Conclusive in Questions of Fact.*—Where the disputed questions of fact have been fairly presented to the jury, and they have not been led astray by defective instructions, or some other error of the trial court, their finding will not be disturbed unless it is apparent that they have been actuated by passion or prejudice, or labored under a misapprehension of the facts.

2. *Remittitur.*—Where a mistake has been made by a jury in computing interest upon a note in suit, the amount in excess of the true sum may be remitted in the Appellate Court.

**Memorandum.**—Suit on promissory note. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the May term, A. D. 1893, and judgment modified. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, W. T. WHITING AND STEVENS & HORTON, ATTORNEYS.

While this court recognizes the rule that jurors are judges of the facts and weight of evidence in all cases, yet the law has imposed upon the court the solemn and responsible duty to see that no injustice has been done by hasty action, passion or prejudice, or from any other cause on the part of the jury. Mooney v. The People, 111 Ill. 388; C., R. I. & P. Ry. Co. v. Herring, 57 Ill. 59; Fox River Mfg. Co. v. Reeves, 68 Ill. 403; I. C. R. R. v. Chambers, 71 Ill. 519; Rix v. Stubblefield, 12 Brad. 309; C. & A. R. R. v. Barber, 15 Brad. 630; Booth v. Hynes, 54 Ill. 363; Southworth v. Hoag, 42 Ill. 446; Lockwood v. Onion, 56 Ill. 506; Chadwick v. McKee, 18 Brad. 646; Keaggy v. Hite, 12 Ill. 99; Thompson v. Fullinwider, 5 Brad. 554; Koester v. Esslinger, 44 Ill. 476; Hoobler v. Hoobler, 128 Ill. 645; A., T. & S. F. R. R. Co. v. Schneider, 127 Ill. 144.

APPELLEE'S BRIEF, GEO. B. FOSTER, ATTORNEY.

Where the evidence is conflicting and irreconcilable, the verdict will not be set aside on appeal or error as against

Hart v. Morgan.

the weight of evidence, unless it is so contrary to the evidence as to warrant the inference that it is the result of passion, or prejudice, or misunderstanding.   Robinson v. Parish, 62 Ill. 130; Kincaid v. Turner, 2 Gilman, 618; Boyle v. Levings, 24 Ill. 223; DeClerq v. Mungin, 46 Ill. 112; Miller v. Balthasser, 78 Ill. 302; Cohen v. Schick, 6 Brad. 280; Armour v. McFadden, 9 Brad. 508; Lowe v. Ravens, 21 Ill. App. 630.

The verdict can not be set aside as against the weight of evidence, where the evidence is conflicting, inconclusive and irreconcilable, there being nothing to show improper motives; the weight of the evidence is for the jury.   Pulliam v. Ogle, 27 Ill. 189; White v. Clayes, 32 Ill. 325; Woodstock Bank v. Mansfield, 48 Ill. 494; Dunning v. Fitch, 66 Ill. 51; Simons v. Waldron, 70 Ill. 281; P. D. & E. Ry. Co. v. Babbs, 23 Ill. App. 454.

The court goes further:   " The verdict can not be set aside as against the weight of evidence where the evidence is conflicting, and, by a fair and reasonable intendment, warrants the finding, although the preponderance appears to be the other way."   Lowry v. Orr, 1 Gilman, 70; C. & A. R. R. Co. v. Shannon, 43 Ill. 338; McKichan v. McBean, 45 Ill. 228; O'Brien v. Palmer, 49 Ill. 72; Shevalier v. Seager, 121 Ill. 564.

Where the evidence is conflicting and irreconcilable it is for the jury to weigh it and reject such as it thinks unworthy of belief.   Brown v. Berry, 47 Ill. 175.


OPINION OF THE COURT, HARKER, P. J.

On the 18th of September, 1890, appellee caused judgment to be entered in vacation for $860.40 against appellant, on a note for $800 and interest, dated May 11, 1889, and purporting to have been made by appellant to appellee. At the October term, 1890, of the Circuit Court, on motion of appellant, the court set aside the judgment and permitted appellant to interpose a defense.   The cause was not tried at that term and when called at the next subsequent term, it was discovered that the papers, together with the note,

were misplaced and could not be found. It was then stipulated that copies should be filed and the cause tried without prejudice to either party. A trial by a jury was had, resulting in a verdict in favor of appellee for $1,004, upon which the court, after overruling a motion for a new trial, entered judgment.

The defense interposed was, that the note was a forgery. Appellee and his son testified that he loaned $800 to appellant on the day on which the note is dated and that the note was executed for the loan. Appellant denied the execution of the note, and denied that he borrowed the money. The other evidence heard, related to the financial circumstances of the parties, the ability of appellees to furnish that amount of money, the needs of appellant to borrow, and an alibi on the day of the date of the note.

None of the evidence except that upon the execution of the note was of a conclusive character. Nor was there a preponderance in appellant's favor. The jury and the court, below, were better able to judge of the credibility of the witnesses than we are. In a case where the disputed questions of fact have been fairly presented to the jury and they have not been led astray by a defective instruction or some other error of the trial court, their finding will not be disturbed by this court unless it is apparent that they have been actuated by passion or prejudice, or labored under a misapprehension of the facts. Where the evidence is conflicting it is their peculiar province to reconcile it as far as possible and determine where the truth is.

We see no error in the instructions.

A mistake was made by the jury in computing interest on the note. The verdict should have been for $999.14; but appellee has remitted in this court $4.86.

Judgment will therefore be affirmed for the amount of $999.14 and judgment on appellee for the costs of this court.